IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KELLY S. ROUNDTREE, on behalf of
herself and those similarly situated,

    Plaintiff,

CIVIL ACTION NO. 3:10-CV-2107

(JUDGE CAPUTO)

WELTMAN, WEINBERG & REIS CO.,
L.P.A.,

    Defendant.

## MEMORANDUM

Presently before the Court is Defendant Weltman, Weinberg & Reis Co., L.P.A.'s ("Weltman") motion for judgment on the pleadings. (Doc. 4.) Weltman claims that the letter it sent to plaintiff Roundtree did not, as a matter of law, violate the Fair Debt Collection Practices Act ("FDCPA"). The Court agrees, and, for the reasons stated below, will grant Weltman's motion.

## BACKGROUND

Roundtree received a letter from Weltman dated May 18, 2010 as part of Weltman's efforts to collect on a judgment. The letter was written with the firm's name and address as its letterhead. In the top left corner of the letter, under Roundtree's name and address, was typed: "RE: CAPITAL ONE BANK (USA), NA v. KELLY S ROUNDTREE" followed by a docket and file number. The letter then stated the following:

> Dear KELLY S ROUNDTREE :
>
> Because you have failed to pay the full amount of the Judgment previously entered against you, the above-referenced Creditor has a right to enforce that Judgment by a Judicial Sale (Sheriff's Sale) of your assets. In addition, that Creditor has a right to inquire concerning the existence and location of those assets.

> Therefore, pursuant to the applicable Rules of Court you are REQUIRED to make full and complete Answers to the Interrogatories set forth in the following pages. A copy of the applicable Pennsylvania Statute is attached for your review. These Answers must be made in writing and returned to the law offices of Weltman, Weinberg & Reis Co., L.P.A., within thirty (30) days of receipt.
>
> You are advised that if you fail to accurately and fully complete and return the Interrogatories within the allotted time, we may file a motion with the Court seeking an Order compelling you to complete the Interrogatories disclosing your assets and a motion requesting the Court impose sanctions against you if you fail to comply with any Court Order.
>
> If you immediately contact us and make acceptable arrangements for payment of the debt, you will not have to complete these Interrogatories.
>
> Please refer to our file number when corresponding, contacting or remitting payments to this office.

Under the signature of a "Lyndsay Rowland," it then states: "This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose." After receiving the letter, Roundtree filed a purported class-action complaint against Weltman for violating the FDCPA. In the complaint, Roundtree alleges that the letter from Weltman contained several false, deceptive, or misleading statements including: (1) the implication that the next step Weltman would take against Roundtree would be to have a sheriff's sale of Roundtree's property, leaving out intervening procedural hurdles Weltman would first need to clear such as applying for a levy, after which Roundtree would have an opportunity to raise objections under state law; (2) the statement that Weltman's client had a "right" to a sheriff's sale without regard to Roundtree's right to raise objections to said sale; (3) presumptive language that would lead Roundtree to believe Weltman's client had a "vested right" to conduct a sheriff's sale; and (4) presumptive language that a sheriff's sale was likely or imminent.

After answering the complaint, Weltman filed a motion for judgment on the pleadings. The motion has been fully briefed and is ripe for review.

**LEGAL STANDARD**

A motion for judgment on the pleadings, pursuant to Fed. R. Civ . P. 12(c), may be filed after the defendant has filed an answer to the complaint. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 253 n. 1 (3d Cir.2004). The standard for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), is the same as that for a motion to dismiss under Fed. R. Civ. P. 12(b). *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir.2004) ("There is no material difference in the applicable legal standards.").

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type

of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

Weltman's motion for judgment on the pleadings will be granted because the letter sent to Roundtree does not violate the FDCPA.

4

Congress enacted the FDCPA "to eliminate abusive debt collection practices which contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir.2000) (internal quotations omitted).

15 U.S.C. § 1692e states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e provides a non-exclusive list of sixteen types of representation prohibited by the FDCPA, including false representations as to character or amount of the debt, false representations that the debt collector is an attorney or that the communication is from an attorney, and a threat to take action that cannot legally be taken or that is not intended to be taken.

The FDCPA also requires a written validation notice be provided the debtor by the debt collector. 15 U.S.C. § 1692g. When addressing claims under § 1692g, the Third Circuit has directed that the Act should be analyzed from the perspective of the "least sophisticated debtor." *Quadramed*, 225 F.3d at 354. This is a lower standard than "simply examining whether particular language would deceive or mislead a reasonable debtor," *Id.*, because a communication that would not deceive a reasonable debtor may still deceive the least sophisticated debtor. However, this standard "also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.*, 354-55.

The Third Circuit, in applying the least sophisticated consumer standard, has found, "whether language in a collection letter contradicts or overshadows the validation notice [required by § 1692g] is a question of law." *Id.* at 353 n. 2. The Third Circuit has noted a

close relationship between § 1692e and §1692g. *See Graziano v. Harrison*, 950 F.2d 107 (3d Cir.1991).  Although the Third Circuit has not expressly found the application of the least sophisticated consumer standard to be a matter of law under § 1692e, other circuits have. *See, e.g., Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993).

Here, the parties agree that the "least sophisticated debtor" standard should be applied in evaluating the May 18, 2010 letter sent to Roundtree by Weltman.  Applying that standard, the Court finds nothing in the Weltman letter that was deceptive or would mislead the least sophisticated debtor.  Roundtree argues that the letter was misleading because it did not state all the steps that Weltman's client would need to go through for a sheriff's sale to take place and did not outline potential legal defenses for Roundtree.  Roundtree also argues that such sales rarely take place, and therefore it was deceptive to give the impression that the client would actually pursue such a sale.  However, the language of the letter merely states that Weltman's client has a "right" to such a sale – nothing in the letter states or conveys the impression that such a sale is imminent.  Furthermore, there is nothing deceptive or misleading about Weltman stating that the client had a right to such a sale, because the client *did* have the right.  Finally, to state that the debt collector has an obligation to spell out every step in the legal process as well as every possible legal defense the debtor may have would not only be extremely burdensome for the debt collector, but would also be of dubious value to the debtor, as it is doubtful how helpful such an explanation would be to someone without legal training.

Roundtree looks to *Harlan v. NRA Group, LLC*, 10-cv-0324 2011 WL 500024 (E.D. Pa. Feb. 9, 2011), for support.  There, the issue was whether the validation notice sent by defendant violated 15 U.S.C. § 1692g.  One of the requirements of § 1692g is that the

validation notice contain "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." Defendant's notice, switched the word "assumed" to "presumed" and omitted the phrase "by the debt collector." Applying the "least sophisticated debtor" standard, the district court found that the notice violated the FDCPA. *Harlan*, 2011 WL 500024 at *3.

However, the Court finds that the notices in the two cases are substantially different. While the language of the notice in *Harlan* could clearly mislead a debtor into believing that unless the debt was disputed in thirty days, its validity would be *presumed* valid *by a court* – which is patently false – there is nothing misleading or false about Weltman stating that its client had a right to a sheriff sale, for the simple fact that they did. That such a right is not often exercised is immaterial, since the letter did not state that such a sale was pending or imminent. The letter's lack of explication regarding the legal process involved in the sheriff's sale or Roundtree's possible defenses did not violate the FDCPA.

## **CONCLUSION**

For the reasons stated above, Weltman's motion for judgment on the pleadings will be granted.

An appropriate order follows.


| | |
|---|---|
| 5/9/11 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KELLY S. ROUNDTREE, on behalf of herself and those similarly situated,<br><br>    Plaintiff,<br><br><br>WELTMAN, WEINBERG & REIS CO., L.P.A.,<br><br>    Defendant. | CIVIL ACTION NO. 3:10-CV-2107<br><br>(JUDGE CAPUTO) |

**ORDER**

    **NOW**, this \_\_\_\_9th\_\_\_\_ day of May, 2011, **IT IS HEREBY ORDERED** that Defendant Weltman, Weinberg & Reis Co., L.P.A.'s Motion for Judgment on the Pleadings (Doc. 4) is **GRANTED**.  The Court of Clerk is directed to mark the case as **CLOSED**.

                                              /s/ A. Richard Caputo
                                              A. Richard Caputo
                                              United States District Judge